The question on this phase of the case is merely, what were the amounts bid insofar as accrued interest is concerned? If the offering BX-7 and BX-9 holders have been paid the full amount of their bids, that is the end of the matter. If they have not been paid in full, if their bids are to be interpreted as calling for payment of accrued interest at the 5½% rate carried by the underlying certificates instead of at the lower rates of the debentures, then the successful bidders would be entitled to recover this interest differential on the theory that it is part of the redemption price of their securities. But there is no basis for such as conclusion. It was the manifest intention that the amount which a successful bidder was to be paid, simultaneously with delivering up his securities, was to be the final payment. The securities were thereupon to be cancelled, and the holder could be entitled to nothing more. At that time it could not be known how much more would be realized from the liquidation, or whether there would ultimately be enough to pay any interest differential of 2½% and 1½%. Consequently the debenture rate was adopted, as the language of the bids implies. After payment of that, together with the principal amount bid, the transaction was complete.

If insufficient offers were received to exhaust the moneys from time to time in the sinking fund, the new corporation was empowered to purchase debentures for retirement in the open market before making pro rata distribution among the nonoffering holders. If that alternative had been resorted to, it could hardly be contended that sellers in the open market could thereafter recover more than the amounts for which they had agreed to sell their securities. That is also true in the case of those who offered their securities for retirement in response to invitations to bid, which were sent out according to the plan.

No similar question to this was presented in *Matter of Home Title Ins. Co.* (255 App. Div. 635).

The order appealed from should be modified so as to confirm the report of the referee insofar as it establishes the right to the said interest differential of those holders only who did not surrender for cancellation their securities in Series BX-7 and BX-9, and which were redeemed by BX Corporation by pro rata distributions, and by eliminating any determination that the holders are entitled to such interest differential whose securities were retired as a result of competitive bidding pursuant to the sinking fund clause in the plan of reorganization, and, as so modified, should be affirmed, with costs to appellant.

Peck, P. J., Glennon, Dore and Cohn, JJ., concur in decision; Van Voorhis, J., dissents and votes to modify.

Order, so far as appealed from, affirmed, with $20 costs and disbursements to the respondents. No opinion.

DRAKE SHIPPING CORPORATION, Appellant, v. FAR NEAR TRUCKING CORPORATION, Respondent.— Order unanimously reversed, with $20 costs and disbursements to the appellant, and plaintiff's motion for summary judgment granted. Defendant admits its indebtedness to plaintiff and relies upon an oral agreement providing for repayment in not less than three years from the date of the loan. Such an agreement is within the provisions of the Statute of Frauds. There being no enforcible agreement governing the time of payment, the loan became payable on demand. Settle order on notice. Present — Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ.

JESSIE S. PERKINS, as Executrix of WILLIAM A. SCHENCK, Deceased, Appellant, v. JOSEPH MEYER, JR., et al., Respondents.— Order entered June 3, 1948,

denying the motion to compel acceptance of a reply, unanimously affirmed, without costs. No opinion. Present — Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ.

JESSIE S. PERKINS, as Executrix of WILLIAM A. SCHENCK, Deceased, Appellant, v. JOSEPH MEYER, JR., et al., Respondents.— Order entered August 11, 1948, denying plaintiff's motion to open default in service of reply to counterclaim unanimously reversed and the motion granted, without costs. We do not pass upon the sufficiency of the defenses. Such issues and all other issues raised in this somewhat unusual litigation should be disposed of on the merits at trial and the parties should now proceed expeditiously to trial without dilatory motions or any other unnecessary delay. Settle order on notice. Present — Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ.

DAVID E. BROOKS, Respondent, v. CUSHMAN's SONS, INC., Appellant.— Order unanimously modified so as to eliminate items 7 and 16. Items 5 and 14 modified to read " 1946 " instead of " 1939 ". We deem this period to be sufficient assuming without deciding plaintiff's theory of anticipatory breach is tenable. Books to be produced to be limited to the same years and to be used as provided in section 296 of the Civil Practice Act. As so modified the order is affirmed, with $20 costs and disbursements to the appellant. The examination to proceed by Sydney Bare, Jr., the date for which examination shall be fixed in the order. Settle order on notice. Present — Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ.

PAUL HABERMAN et al., Individually and as Stockholders and Holders of Voting Trust Certificates Representing Stock of New York Ambassador, Inc., Suing in Behalf of Themselves and for the Benefit of said Corporation and of Other Stockholders and Voting Trust Certificate Holders of said Corporation, Respondents, v. JAMES J. ATKINSON et al., Appellants, et al., Defendants.— Order for examination before trial unanimously modified by denying items 9 to 13, inclusive, 19, 20 and 24 to 26, inclusive, and by limiting the examination under items 14 to 18-a, inclusive, and 22 and 23 to matters which occurred after January 1, 1936, and as so modified affirmed, with $20 costs and disbursements to the appellants. No opinion. The date for the examination shall be fixed in the order. Settle order on notice. Present — Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ.

I. G. S. COLLECTIVE BUYING CORP., Respondent, v. VINHERMA, INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ.

EUGENE J. BUTTERLY, Respondent, v. THE WESTOVER, INC., Appellant.— Order unanimously affirmed, with $20 costs and disbursements. We do not pass upon the question as to whether an accident caused by a defective ladder used in cleaning windows on the ground floor of a structure comes within the provisions of section 202 of the Labor Law. Present — Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ. [See post, p. 1034.]

ELLEN M. O'HEA, Appellant, v. COLGATE-PALMOLIVE-PEET COMPANY, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Glennon, J. P., Dore, Cohn, Callahan and Shientag, JJ.

In the Matter of GERALD B. SCHWARZ et al., Appellants. PAUL MONTALVO et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements. We find that the rents fixed by the court at Special Term provide a reasonable return to the landlord under the circumstances. In affirming we do not necessarily approve all the rulings of the court with respect to certain items of